NUNZIATA NANI, Plaintiff, *v.* GIOVANNI NANI and ALFONSA NANI, Also Known as ALFONSA SQUILLANTE GENTILE, Defendants.

Supreme Court, Kings Special Term, February, 1923.

**Husband and wife — common-law marriage binding — common-law wife may maintain action to annul a ceremonial marriage between her husband and another woman.**

In this state a common-law marriage is just as valid and binding upon the parties to it as a ceremonial marriage.

An action to annul a marriage upon the ground that a former marriage of one of the parties thereto was in force at the time of the marriage sought to be annulled may be maintained by any one of the three persons concerned.

Since July, 1906, with a brief interlude, the plaintiff herein and the principal defendant without a ceremonial marriage maintained the relation of husband and wife and were always so regarded by their acquaintances and neighbors but no issue resulted. In January, 1921, said defendant contracted a ceremonial alliance with his codefendant, a widow, by going through a civil marriage with her in this state. Several months later both defendants went to Italy on the same ship. He testified that he has not cohabited with his codefendant either on the ship or in Italy and that after a stay there of about five months he returned alone to America and resumed relations with plaintiff, who as appeared by the testimony was not cognizant of his civil marriage with his codefendant, who having returned from Italy knew of the relations existing between plaintiff and her common-law husband. *Held*, that under section 1134 of the Civil Practice Act plaintiff had the right to bring an action to annul the marriage between the codefendants for although said marriage was void plaintiff was justified in pursuing the remedy which the law afforded her of establishing by judicial decree the illegality of the second marriage and was entitled to a judgment annulling the same.

ACTION to annul marriage.

*Misle & Castellano*, for plaintiff.

No appearance at trial on behalf of defendants.

BENEDICT, J. An unusual situation growing out of an entangling matrimonial alliance arises in this case. Plaintiff, alleging herself to be the common-law wife of the defendant Giovanni Nani, has sued him and the codefendant for an annulment of his civil marriage with the codefendant. The codefendant, Alfonsa Nani, interposed an answer containing denials of the allegations of the complaint (except as to her own marriage with the defendant Giovanni), but she did not appear in person or by attorney at the trial.

The complaint alleged, and the evidence showed, that Nunziata and Giovanni Nani entered upon the relation of husband and wife, without a ceremonial marriage, in July, 1906, since which time, with a brief interlude which will presently be noticed, they have maintained and now maintain the same relation. No issue resulted from their relations. The plaintiff is forty-five years of age and the

Supreme Court, February, 1923.          [Vol. 120

defendant Giovanni is forty-six. The relationship of these persons was at all times open and notorious and they were always regarded by their acquaintances and neighbors as Mr. and Mrs. Giovanni Nani, and as husband and wife. On January 31, 1921, Giovanni Nani contracted a ceremonial alliance with the codefendant, Alfonsa Squillante Gentile, a widow, by going through a civil marriage with her at the Borough Hall, Brooklyn, and about March 1, 1921, they went to Italy on the same ship. He testified that they did not occupy the same apartment on the ship and that he had not cohabited with her as man and wife either in this city, on the ship or in Italy. He further testified that after a stay in Italy of about five months, he returned alone to America and resumed relations with the plaintiff and that the defendant Alfonsa came back to America about four months after he returned and that he has not spoken to her since he returned from Italy. There is testimony that the plaintiff was not cognizant of the civil marriage of her common-law husband and hence did not and could not assent to it; and there is also some evidence that the defendant Alfonsa Nani knew of the relations existing between her husband and his common-law wife.

It is too well settled by the decisions in this state to admit of doubt that a common-law marriage is just as valid and binding upon the parties to it as a ceremonial marriage. Merrell, J., writing for a unanimous court in *Smith* v. *Smith*, 194 App. Div. 543, 547, says: " Unquestionably, in the present state of our jurisprudence, common-law marriages have a recognized validity, and if intelligently entered into by parties having capacity to contract, such marriages are as valid as are those performed in accordance with statutory requirements. (*Matter of Ziegler* v. *Cassidy's Sons*, 220 N. Y. 98.) * * * The two essentials of a common-law marriage are capacity and mutual consent. At common-law the marriage relation may be formed by words of present assent, *per verba de præsenti*, and without the interposition of a clergyman or person lawfully authorized to perform the marriage ceremony. To constitute a marriage *per verba de præsenti*, the parties must be in each other's presence when the agreement is made. The agreement, however, need not be in the presence of witnesses. It may be expressed by parol, or the parties may adopt whatever ceremony their choice or religious belief may suggest. The vital element is the agreement itself, in whatever form it is adopted, which constitutes the contract and creates the relation."

The proof in this case shows that the plaintiff and the defendant Giovanni made the agreement about seventeen years ago. She was asked these questions: " Q. And when you first went to live

in the apartment with Giovanni Nani what did he say to you and what did you say to him? A. He purchased two rings, and he gave me one, and he kept one, and he told me that we were then husband and wife. Q. And have you your ring on your hand now? A. Yes, right here. Q. Were these two wedding rings that he purchased? A. Sure. Q. And does your husband Giovanni Nani continue to wear his wedding ring? A. Yes. Q. And up to January 31, 1921, did you and Giovanni Nani continuously, without interruption, live in that apartment in 52 Oliver street as husband and wife? A. Yes." Testimony to the same effect was given by the defendant Giovanni.

Assuming, therefore, that a valid marriage *per verba de præsenti* was entered into between the plaintiff and the defendant Giovanni Nani, his subsequent marriage by civil contract with the defendant Alfonsa Squillante Gentile was void, not because there was no religious ceremonial marriage between them but because, by reason of his previous common-law marriage with the plaintiff, he was incapacitated to contract a valid marriage relation with any other woman during the lifetime of the plaintiff, while the former marriage was in force.

The plaintiff had a right to maintain the present action to have this court annul the marriage between the defendants. Such a right is given to her by statute. Section 1134 of the Civil Practice Act provides as follows: " An action to annul a marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife."

While I shall hold that the marriage between the codefendants was not only voidable but void and might very well have been disregarded by the plaintiff, both as to the defendant Giovanni and also as to the defendant Alfonsa Squillante Gentile, the plaintiff was not obliged to rest upon this presumption of law but was justified in pursuing the remedy which the law affords her of establishing by judicial decree the fact of the illegality of the second marriage of her husband. The law permits any one of three persons concerned to maintain an action to annul a marriage upon the ground that a former marriage of one of the parties thereto was in force at the time of the marriage sought to be annulled, viz., either of the parties to the later marriage and the party to the former marriage who was not a party to the later. *Stokes* v. *Stokes*, 198 N. Y. 301, 305; *Procita* v. *Procita*, 190 N. Y. Supp. 21.

The plaintiff is, therefore, entitled to the judgment that is prayed for in this action.

**Judgment** accordingly.